the plea court in Movant's presence in each case. *See Rupert,* 250 S.W.3d at 448.[4] This was a material deviation because it changed Movant's possible grant of probation from within the discretion of the plea court under section 559.115.2, in accordance with the oral pronouncement of sentence implementing the plea agreement, to within the discretion of the board of probation and parole under section 559.115.3, as pointed out by Movant *supra.*

A criminal " 'judgment derives its force from the rendition of the court's judicial act and not from the ministerial act of its entry upon the record.' " *Patterson,* 959 S.W.2d at 941 (quoting *State v. Williams,* 797 S.W.2d 734, 738 (Mo.App. 1990)). "When the two are in conflict, the oral sentence controls, and the written judgment is erroneous." *Patterson,* 959 S.W.2d at 941. Thus, Movant's argument, based upon his assignment to the shock incarceration *program* in the erroneous original written judgments, fails to support his claim that the motion court's lack-of-prejudice finding is clearly erroneous.

In the absence of any proven prejudice to Movant as a result of the entry of the amended judgments, Movant is not entitled to any relief on his claim. *See Dean v. State,* 950 S.W.2d 873, 876 (Mo.App. 1997). Thus, any opinion as to the plea court's authority to enter them would be advisory and is unnecessary and inappropriate. *See State v. Oakes,* 84 S.W.3d 562, 564 (Mo.App.2002) (appellate courts do not render advisory opinions nor decide nonexistent issues). Movant's point is denied, and the motion court's denial of Movant's motion for post-conviction relief is affirmed.

Nevertheless, when it is determined in a post-conviction relief case that a written sentence differs materially from the oral pronouncement of sentence, "[a] limited remand is necessary for the trial court to correct the written judgment to reflect the oral pronouncement of sentence." *Hall v. State,* 190 S.W.3d 533, 535 (Mo.App.2006); *Samuel v. State,* 156 S.W.3d 482, 484 (Mo. App.2005); Rule 24.035(j) (motion court may "correct the judgment and sentence as appropriate"). Therefore, while we affirm the motion court's denial of Movant's motion for post-conviction relief, we remand the case for the limited purpose to direct the motion court to correct the original written judgment in each of Movant's three underlying criminal cases to accurately reflect the oral pronouncement of sentence in each. *See Hall,* 190 S.W.3d at 535.

BARNEY, P.J., and BURRELL, J., concur.

**G.L.B., Respondent,**

v.

**V.S.H., Appellant.**

**No. ED 95072.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 2011.

---

4. The plea court retained authority to amend its oral pronouncement until a written judgment was entered, so long as it did so in Movant's presence. *Rupert,* 250 S.W.3d at 449. Nothing in the record supports that such an amendment occurred here. Once the plea court entered written judgments, its jurisdiction to amend the sentences as contained in those judgments was exhausted. *Id.* at 449–450; *Allen v. State,* 219 S.W.3d 273, 277 (Mo.App.2007).

Reginald P. Bodeux, St. Charles, MO, for appellant.

Stephanie Metroulas, Ballwin, MO, for respondent.

Before SHERRI B. SULLIVAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

### ORDER

PER CURIAM.

The mother, V.S.H., appeals the judgment entered by the Circuit Court of St. Charles County in which the trial court ordered the father, G.L.B., to pay $311 per month for support of the parties' child. We have reviewed the parties' briefs and the record on appeal and find no error.

An opinion would have no precedential value. The parties have been provided with a memorandum, for their information only, setting forth the reasons for this decision.

We affirm the trial court's judgment. Rule 84.16(b)(1).

**Timothy MOY, Appellant,**

**v.**

**Linda GOOCH, and Division of Employment Security, Respondents.**

**No. ED 95621.**

Missouri Court of Appeals, Eastern District, Division One.

May 17, 2011.

Robert M. Miller, High Ridge, MO, for appellant.

Shelly A. Kintzel, Jefferson City, MO, for respondents.

Before: ROY L. RICHTER, C.J., KENNETH M. ROMINES, J., and GARY DIAL, SP.J.

### ORDER

PER CURIAM.

Timothy Moy (Employer) appeals the Order of the Labor and Industrial Relations Commission granting unemployment benefits to his former employee, Linda Gooch. Ms. Gooch was granted unemployment benefits by a deputy with the Missouri Division of Employment Security, who found she was entitled to wage credits of $1,620 for the last three quarters of 2007 and the first quarter of 2008. Employer appealed this decision to the Appeals Tribunal which affirmed the decision of the deputy. Employer then appealed to the Industrial Relations Commission which also affirmed and adopted the Tribunal's decision.

On appeal, Employer claims that the Labor and Industrial Relations Commission erred in finding that Ms. Gooch earned $1,620 for the last three quarters of 2007 and the first quarter of 2008, arguing that she earned less than $1,500 during each of those quarters and so was not entitled to unemployment benefits.

We have reviewed the briefs and the Record on Appeal, and find no error of law in this case. Thus, a written opinion would have no precedential value. The parties have been provided with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.